IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STEVEN C. JENSEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) Case No.   CIV-05-1109-M |
| JO ANNE B. BARNHART, | ) |
| Commissioner of the Social | ) |
| Security Administration, | ) |
| | ) |
| Defendant. | ) |

# FINDINGS & RECOMMENDATION
# OF MAGISTRATE JUDGE

Plaintiff brings this action pursuant to 42 U.S.C. §405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying his application for disability insurance benefits (DIB) under 42 U.S.C. §§416(i) and 423 of the Act.  This matter has been referred to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B), and for the reasons stated herein, it is recommended that the Commissioner's decision be **REVERSED AND REMANDED for further administrative proceedings**.

## PROCEDURAL HISTORY

Plaintiff protectively filed his application for DIB on June 13, 2002 alleging a disability since July 20, 2001 (TR. 38-41). The application was denied on initial consideration and on reconsideration at the administrative level (TR. 26, 27).  Pursuant to the Plaintiff's request, a hearing *de novo* was held before an administrative law judge (ALJ) on April 29, 2004 (TR. 312-334). The Plaintiff appeared in person and with his attorney and offered his testimony in support of the application (TR. 315-326, 328-330). A vocational expert (VE) also testified at the request of the ALJ (TR. 331-333).  The ALJ issued his decision on September 15, 2004 finding that Plaintiff was not entitled to DIB (TR. 16-22).  The Appeals Council denied the Plaintiff's request for review on

July 23, 2005, and thus, the decision of the ALJ became the final decision of the Commissioner. (TR. 5-7).

## STANDARD OF REVIEW

The Tenth Circuit case of *Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800-801 (10th Cir. 1991), sets forth the standard of review for social security disability cases:

> We must affirm the decision of the Secretary if it is supported by substantial evidence. (*citations omitted*). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." (*citations omitted*). In evaluating the appeal, we neither reweigh the evidence nor substitute our judgment for that of the agency. (*citations omitted*). We examine the record as a whole, including whatever in the record fairly detracts from the weight of the Secretary's decision and, on that basis, determine if the substantiality of the evidence test has been met. (*citations omitted*). If, however, the correct legal test in weighing the evidence has not been applied, these limitations do not apply, and such failure constitutes grounds for reversal. (*citations omitted*).

Further, the Tenth Circuit has stated that "[a] finding of no substantial evidence will be found only where there is a conspicuous absence of credible choices or no contrary medical evidence." *Trimiar v. Sullivan*, 966 F.2d 1326, 1329 (10th Cir. 1992) (*citations omitted*).

## DISCUSSION & FINDINGS

In addressing the Plaintiff's disability application the ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. §404.1520.  At step one, the ALJ found that the Plaintiff had not engaged in substantial gainful activity since the alleged disability onset date, so the process continued (TR. 20).  At step two, the ALJ concluded that Plaintiff had severe impairments due to post traumatic stress disorder (PTSD), dysthymic disorder, major depression, panic disorder with agoraphobia and degenerative joint disease (TR. 21). At step three, the ALJ found that the Plaintiff did not have an impairment or combination of impairments which meet or equal any impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (TR. 21).  At step four, the ALJ found that

Plaintiff lacked the residual functional capacity (RFC) to perform his past relevant work (PRW) (TR. 21).

At the point that step five is reached, a disability preventing prior work activity has been shown and the burden shifts to the Commissioner to show that the claimant retains the ability to perform an alternative work activity which exists in the national economy. *Sorenson v. Bowen*, 888 F.2d 706, 710 (10th Cir. 1989); *Ray v. Bowen*, 865 F.2d 222, 224 (10th Cir. 1989). The ALJ found that Plaintiff retained the RFC to perform a "significant range" of light work (TR. 21). The ALJ considered the testimony of the VE and determined there were other jobs existing in significant numbers in the national economy which Plaintiff could perform (TR. 20, 21). Thus, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act and was therefore not entitled to DIB (TR. 22).

On appeal to this Court, Plaintiff alleges (I) that the ALJ erred by failing to properly evaluate Plaintiff's credibility; and (II) that the ALJ erred by formulating an RFC assessment which did not include all of Plaintiff's limitations

# I.

Plaintiff argues that the ALJ erred in his credibility analysis. The legal standards for evaluating pain and credibility are outlined in 20 C.F.R. §§ 404.1529 and 416.929, and were addressed by the Tenth Circuit Court of Appeals in *Luna v. Bowen*, 834 F.2d 161 (10th Cir. 1987). First, the asserted pain-producing impairment must be supported by objective medical evidence. *Id.* at 163. Second, assuming all the allegations of pain as true, a claimant must establish a nexus between the impairment and the alleged pain. "The impairment or abnormality must be one which `could reasonably be expected to produce' the alleged pain." *Id.* Third, the decision maker, considering all of the medical data presented and any objective or subjective indications of the pain, must assess the claimant's credibility.

> [I]f an impairment is reasonably expected to produce some pain, allegations of disabling pain emanating from that impairment are sufficiently consistent to require consideration of all relevant evidence.

*Id.* at 164.

The mere existence of pain is insufficient to support a finding of disability. The pain must be considered "disabling." *Gossett v. Bowen*, 862 F.2d 802, 807 (10th Cir. 1988) ("Disability requires more than mere inability to work without pain. To be disabling, pain must be so severe, by itself or in conjunction with other impairments, as to preclude any substantial gainful employment.").

In *Kepler v. Chater*, 68 F.3d 387, (10th Cir. 1995), the Tenth Circuit determined that an ALJ must discuss a Plaintiff's complaints of pain, in accordance with *Luna*, and provide the reasoning which supports the decision as opposed to mere conclusions. *Id.* at 390-91.

> Though the ALJ listed some of these [Luna] factors, he did not explain why the specific evidence relevant to each factor led him to conclude claimant's subjective complaints were not credible.

*Id.* at 391. The Court specifically noted that the ALJ should consider such factors as:

> the levels of medication and their effectiveness, the extensiveness of the attempts (medical or nonmedical) to obtain relief, the frequency of medical contacts, the nature of daily activities, subjective measures of credibility that are peculiarly within the judgment of the ALJ, the motivation of and relationship between the claimant and other witnesses, and the consistency or compatibility of nonmedical testimony with objective medical evidence.

*Id.* at 391. The Tenth Circuit remanded the case, requiring the Secretary to make "express findings in accordance with *Luna*, with reference to relevant evidence as appropriate, concerning claimant's claim of disabling pain." *Id.* at 391. *Kepler* does not require a formalistic factor-by-factor recitation of the evidence. *Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000). So long as the ALJ sets forth the specific evidence he relies on in evaluating the claimant's credibility, the dictates of *Kepler* are satisfied. *Id* at 1372.

In this case, the ALJ did offer a meager discussion of Plaintiff's credibility,

4

> The Administrative Law Judge finds that claimant's allegations of disabling pain and discomfort are not supported by credible facts and findings from which it can be concluded that he has an impairment or impairments which could reasonably be expected to cause the degree of pain and discomfort which [sic] she alleges. The evidence does not indicate that claimant suffers from the side effects of medication resulting in an inability to work. There is no indication that his daily activities are curtailed to an extent that would suggest an inability to engage in all work activity. Claimant no doubt experiences some pain and discomfort, however the Administrative Law Judge is simply not persuaded that it rises to a level of severity, and is of such duration and intensity so as to preclude him from engaging in all substantial gainful activity (SSR 96-7p).
>
> The Administrative Law Judge finds that claimant's allegations of the lack of mental capacity to understand, carry out and remember simple instructions and an inability to respond appropriately to supervision, coworkers and usual work situation are not supported by the credible evidence of record. Claimant's mental capacity to perform these basic work activities is not diminished to the extent that he is unable to function in those areas considered essential to work (20 CFR 404.1521(b). Claimant's allegations of disabling mental impairments, are not supported by credible facts and findings from which it can be concluded that he has an impairment or impairments which could reasonably be expected to cause the degree of functional limitation in his mental ability which he alleges (SSR 96-7p)

(TR. 18-19). The ALJ serves up only boilerplate where a detailed analysis is clearly required. The ALJ fails to link specific evidence to his boilerplate conclusions. The ALJ ignores the analysis required by *Kepler* and neglects to discuss the levels of Plaintiff's medication and their effectiveness, the extensiveness of the attempts (medical or nonmedical) to obtain relief, the frequency of medical contacts, the nature of Plaintiff's daily activities, and the consistency or compatibility of nonmedical testimony with objective medical evidence.

The ALJ's credibility analysis is insufficient according to *Kepler*. On remand, the Secretary should analyze Plaintiff's credibility in accordance with *Luna* and *Kepler*, making express findings and citing specific evidence in the record which relates to Plaintiff's credibility.

## II.

Plaintiff also argues that the ALJ erred by formulating an RFC assessment which did not include all of his mental limitations (See Plaintiff's Brief at pages 7-12). Specifically, Plaintiff argues that the ALJ failed to discuss the weight given to the opinions of his treating physician, C.F. Mynatt, M.D. (psychiatrist).

As to the opinions of Dr. Mynatt, it is apparent that they do not cover the period after which Plaintiff claims he became disabled. Dr. Mynatt last examined on November 9, 2000, more than eight months prior to July 20, 2001, the date Plaintiff claims he became disabled (TR. 227, 39). Thus, although the ALJ briefly mentioned Dr. Mynatt's diagnosis, he was correct in disregarded and/or ignoring Dr. Mynatt's opinions since they failed to relate to the period in question (TR. 18).

Plaintiff also argues that the ALJ erred in not considering Plaintiff's 100% disability rating from the Veterans Administration (VA) (See Plaintiff's Brief at pages 10-12).  In his decision the ALJ fails to even mention Plaintiff's VA rating and further fails to mention or discuss the psychiatric evaluation of Plaintiff performed January 26, 2001 by John P. Hennessee, M.D. (TR. 306-308).  The ALJ's scant treatment and discussion of the medical evidence defies meaningful judicial review.  An ALJ must consider a VA disability rating in making his decision. *Baca v. Dept. of HHS*, 5 F.3d 476, 480 (10th Cir. 1993). "Although findings by other agencies are not binding on the Secretary, they are entitled to weight and must be considered." *Id* .  Plaintiff has been evaluated for disability by the VA continuously from 1998 to the present (TR. 232-253). It appears that, based on his PTSD alone, Plaintiff was determined to be 100% percent disabled prior to expiration of his insured status. When considered in conjunction with his other severe impairments, the rating may provide evidence that Plaintiff is disabled within the meaning of the Social Security Act.

On remand, the Secretary should consider and discuss Plaintiff's VA disability rating as well as the opinions of Dr. Hennessee in determining Plaintiff's RFC.

**RECOMMENDATION**

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ and the pleadings and briefs of the parties, the undersigned magistrate judge finds that the decision of the Commissioner is **not** supported by substantial evidence and should be **REVERSED and REMANDED for further administrative proceedings**. The parties are advised of their right to object to these findings and recommendation within twenty (20) days of the date of the filing hereof, in accordance with 28 U.S.C. §636 and Local Court Rule 72.1 (a). The parties are further advised that failure to make timely objection to these findings and recommendation waives their right to appeal from a judgment of the district court based upon these findings and recommendation. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

The foregoing Findings and Recommendation disposes of all issues referred to the undersigned magistrate judge in the above captioned matter.

ENTERED this the 28th day of August, 2006.

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE